IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-CV-02107-PSF-MJW

FIRSTCOM, INC.,

    Plaintiff,

v.

QWEST CORPORATION,

    Defendant.

(D. Minn) Civil File No. 04-CV-995 (ADM/AJB)

---

**ORDER REGARDING
(1) MOTION OF NON-PARTY MARY TRIBBY TO QUASH THE SUBPOENA SERVED UPON HER BY DEFENDANT QWEST CORPORATION AND FOR PROTECTIVE ORDER (DOCKET NO. 1)
AND
(2) CROSS-MOTION OF DEFENDANT QWEST CORPORATION TO COMPEL MARY TRIBBY'S COMPLIANCE WITH SUBPOENA (DOCKET NO. 15)**

---

Entered by Magistrate Judge Michael J. Watanabe

    This matter is before the court on the Motion of Non-Party Mary Tribby to Quash the Subpoena Served Upon Her by Defendant Qwest Corporation and for a Protective Order (docket no. 1) and upon the Cross-Motion of Defendant Qwest Corporation to Compel Mary Tribby's Compliance with Subpoena (docket no. 15).  The court has considered both motions and has considered applicable Federal Rules of Civil Procedure and case law.  In addition, the court has taken judicial notice of the court's file.  The court now being fully informed makes the following findings of fact, conclusions of law and order.

The court finds that is has jurisdiction over the subject matter, over the parties and over the non-party Mary Tribby.  Venue has been considered by this court and venue is proper in the state and District of Colorado.

The court further finds that each party and non-party has been given a fair and adequate opportunity to be heard on the subject motions.  Although, non-party Ms. Tribby's states in her affidavit (exhibit B) that she, in essence, is without knowledge about the pending litigation, Defendant Qwest Corporation has established through its moving papers that the deposition and document requests that have been served upon Ms. Tribby by way of subpoena are reasonably calculated to lead to discovery of admissible evidence at trial.  In addition, Defendant Qwest Corporation has demonstrated substantial need for such discovery.  Moreover, the court finds that Ms. Tribby has not demonstrated to this court that having her deposition taken and having her produce documents as requested in the subpoena will be unduly burdensome, in particular, since this court has the ability to require reasonably compensation to Ms. Tribby as provided for in Fed. R. Civ. P. 45 (c)(3)(B)(iii).

WHEREFORE, it is hereby ORDERED:

1. That the Motion of Non-Party Mary Tribby to Quash the Subpoena Served Upon Her by Defendant Qwest Corporation and for a Protective Order (docket no. 1) is DENIED;

2. That the Cross-Motion of Defendant Qwest Corporation to Compel Mary Tribby's Compliance with Subpoena (docket no. 15) is GRANTED;

3. That non-party Ms. Tribby, within 14 days from the date of this Order, shall produce all documents responsive to the requests listed in Exhibit A to the subpoena;

4. That non-party Ms. Tribby, within 14 days from the date of this Order, shall produce a privilege log describing any and all documents withheld from production on the basis of privilege or other evidentiary grounds, including an identification of each document's date, author(s), recipient(s), and description. That Defendant Qwest Corporation shall be required to reimburse Ms. Tribby for her time spent in collecting these documents and preparing any privilege log.

5. That non-party Ms. Tribby shall appear at her deposition on a date that is mutually convenient for the Ms. Tribby and counsel, prior to December 1, 2005. The parties and non-party Ms. Tribby shall forthwith meet and confer and clear a date for Ms. Tribby's deposition; and,

Done this 8th day of November, 2005.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge